**LAW OFFICES OF GARY R. CARLIN, APC**
GARY R. CARLIN, CSBN: 44945
gary@garycarlinlaw.com
ALEXANDER ZAIMI, CSBN 330866
alex@garycarlinlaw.com
JOSE A HERNANDEZ, CSBN 337368
jhernandez@garycarlinlaw.com
301 East Ocean Blvd., Suite 1550
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorneys for Plaintiff, BERNICE CONLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BERNICE CONLEY, individually and on behalf of all members of the public similarly situated,

Plaintiffs,

vs.

JOSEPH R. BIDEN, in his official capacity as President of the United States; MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION,

Defendants.

CASE NO.:

**CLASS ACTION COMPLAINT**
   **(1) VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)**
   **(2) RELIGIOUS CREED DISCRIMINATION IN VIOLATION OF FEHA**
   **(3) DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
   **(4) HARASSMENT IN VIOLATION OF FEHA**
   **(5) BREACH OF CONTRACT**
   **(6) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
   **(7) INTENTIONAL MISREPRESENTATION**
   **(8) NEGLIGENT MISREPRESENTATION**
   **(9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
   **(10) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
   **(11) BREACH OF FIDUCIARY DUTY OF LOYALTY AND REASONABLE CARE**
**[DEMAND FOR JURY TRIAL]**

-1-

Plaintiff, Bernice Conley alleges as follows:

## **INTRODUCTION**

1.      On September 9, 2021 President Biden signed Executive Order 14043: "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees." This mandate required all federal employees to be fully vaccinated by November 22, 2021. As a result, United State Customs and Border Protection Supervisors were ordered to have a discussion with each of their employees directing them to enter their vaccination status and upload their documentation if applicable by November 28, 2021.

2.      Failure to comply with the mandate resulted in discipline which included removal from the federal service. If Supervisors failed to have this "discussion" with their employees they were subject to discipline for insubordination which also included removal from the federal service.

**3.**      This mandate had two exceptions: (1) religious exception and (2) medical exception. If the exception request was not approved then an employee had 14 days to receive a single dose vaccination or the first dose of a two-dose vaccination. However, these exceptions were not honored.

4.      This mandate has affected the civil rights, civil liberties, health and wellbeing of Bernice Conley and proximately 33,000 federal employees of United States Customs and Border Protection by forcing them to inject their persons with a

-2-

**CLASS ACTION COMPLAINT**

novel vaccine through coercive means.

## PARTIES

5.    At all times herein mentioned, BERNICE CONLEY (hereinafter "CONLEY" or "PLAINTIFF," has been a citizen of the state of California.

6.    Defendant Joseph R. Biden is the President of the United States (hereinafter "BIDEN").

7.    Defendant Merrick Garland is the Attorney General of the United States (hereinafter "Garland").

8.    Defendant United States Department of Justice is a federal agency within the meaning of 5 U.S.C. § § 552 and  552(a)(1), (hereinafter "DOJ").

9.    Defendant United States Department of Homeland Security is a federal agency within the meaning of 5 U.S.C. § § 552 and 552a(a)(1), (hereinafter "DHS")

10.    Defendant United States Customs and Border Protection is a federal agency within the meaning of 5 U.S.C. § § 552 and 552a(a)(1), (hereinafter "CBP").

## JURISDICTION

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE

12.    Venue is proper in the Central District of California under 28 U.S.C §

1391(b)(2).

## **FACTUAL ALLEGATIONS**

13.     Bernice Conley is an Assistant Port Director employed by CBP which is a branch within DHS. As Assistant Port Director, Bernice Conley is second in command in the Office of Field Operations which requires her to manage the trade process; manage and direct the regulatory requirements of the multitude of existing trade laws and legislation; direct and implement aspects of major legislatively mandated trade and security enforcement strategies and programs; manage and direct Port Agriculture Operations; ensure the full and proper use of all available automated systems; maintain cooperative relations with CBP agriculture partner agencies; maintain effective, productive and collaborative relationships with other Federal, state, and local law enforcement officials; direct and provide guidance for effective enforcement actions and tactical operations to sustain a secure import process focusing on the national priority trade issues; manage post incident resumption of trade in cases of natural or man-made disasters that disrupt business or closes a port; and many other related assigned duties.

14.     In effect, Bernice Conley oversees thousands of employees assigned to the ports through subordinate supervisors. Bernice Conley has significant authority over her employees and her commands come directly from United States Executive branch led by BIDEN and his attorney general GARLAND as his enforcer through Federal Departments such as DOJ, DHS, and CBP.

15.    The command in controversy is BIDEN's Executive Order 14043 executed on September 9, 2021, which mandates all federal employees to inject themselves with a novel vaccine against corona virus. Two exceptions were allowed under this executive order: (1) religious exception and (2) medical exception. However, these exceptions are not being honored.

16.    Since the issuance of this mandate, Bernice Conley was ordered to have a discussion with each of their employees, through direct reports, directing her employees to be completely vaccination by November 22, 2021. Failure to comply would result in discipline which included termination.

17.    Supervisors that refused to comply with this order were subject to discipline for insubordination and up to removal from the federal service.

18.    Those discussions were required to be given to all employees including those in work and non-work. This means that employees that were not present in the work place were also required to get vaccinated.

19.    Four hours of duty time were granted to every employee to receive the vaccine. However, no mention of granted duty time was made if the employee experienced complications from the novel vaccine.

20.    CBP also required every employee, including supervisors, to provide documentation concerning their vaccination status, unless they have been granted and exception. However, again, exceptions were not honored. Failure to provide such documentation subjected the employees to disciplinary action, including and

-5-

up to removal from Federal service.

21.     On November 3, 2021 Bernice Conley was sent a "reminder" to submit proof of her vaccination in the Vaccine Status System. Depending on whether she was going to get vaccinated or ask for an exception, the system required Bernice Conley to sign an agreement.

22.     The agreement was confusing because she had to a sign to the terms and conditions even though she had a "legally required" exception pending.

23.     The mandatory agreement was coercive because before entering her vaccination status, the system asked her to agree that she would be disciplined if she did not get the vaccine or a medical/religious exception. Getting vaccinated was done through threat of termination. Employees that did not want to subject their body to a novel vaccine succumbed to the coercive threats of CBP, DOJ, and BIDEN.

24.     Bernice Conley was concerned about being terminated for not wanting to inject herself with a novel vaccine even though her exception was pending; so she contacted Shelby Stuntz (OCC), but to no avail.

25.     On November 17, 2021, Bernice Conley was emailed by "Vaccine Mandate Enforcement" notifying her that she had not complied with the instructions to respond to the document and information requests in the Vaccination Status System.  It further advised her to take *"immediate"* steps to comply with the requirements. She was then threatened to be disciplined up to and including

-6-

removal from the federal service.

26.    Since then, Bernice Conley has been tormented by the constant fear of termination should she not comply with the requirements. Working under conditions of fear and oppression of civil liberties has caused Bernice great emotional and physical distress.

27.    Bernice Conley is one of many CBP employees that have lived in fear of termination or fear of receiving a novel vaccine that is known to have adverse effects.

28.    This mandate infringes on the People's individual freedoms of Life, Liberty, and Property and should be abrogated in order to preserve the basic principles that our founding fathers relied on when drafting our constitution.

## CLASS ACTION ALLEGATIONS

29.    Plaintiffs bring claims pursuant to Federal Rules of Civil Procedure 23 on behalf of the following Class, as defined below: All PLAINTIFFS and each of them, employees of CBP which were subjected to the mandate issued by defendant BIDEN and enforced by other named defendants; GARLAND, DOJ, CBP, and DHS.

30.    This action has been brought and may properly be maintained as a class action against ALL DEFENDANTS and each of them, pursuant to the provisions of Federal Rule of Civil Procedure 23.

31.    **Numerosity**: The precise number of members of the proposed Class is

unknown to plaintiffs at this time, but, based on information and belief, Class members are composed of about 33,000 CBP employees making them so numerous that their individual joinder herein is impracticable and unfeasible. All Class members may be notified of the pendency of this action by reference to DEFENDANTS and each of their records or by other alternative means.

32.    **Commonality**: Numerous questions of law or fact are common to Plaintiffs' claims and members of the proposed Class. These common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common legal and factual questions include, but are not limited to the following:

a.  Whether BIDEN's Executive Order 14043 infringes on the individual freedoms of Federal Employees.

b.  Whether GARLAND's, DOJ, DHS and CBP's methods of requiring compliance with the vaccination mandate are coercive to the point that defendants have harassed and created a hostile work environment for their employees.

c.  Whether not honoring an employee's medical and religious exemptions amount to discrimination and a violation of their civil liberties.

d.  Whether requiring CBP employees to get vaccinated and show proof of vaccination record amounts to a breach of employment

contract.

e.  Whether not granting real and sincere medical and religious exceptions were intentional and/or negligent misrepresentations.

33.    **Typicality:** The claims of the named Plaintiff are typical of the proposed Class's claims in that the named Plaintiff is a federal employee employed with CBP and is mandated by threat of termination to get vaccinated and submit vaccination status.

34.    **Adequate Representation:** Plaintiffs will fairly and adequately represent the Class's interests in that he has no conflicts with any other Class members. Plaintiffs have retained competent counsel experienced in prosecuting complex class actions, including those involving breach of contract, discrimination, harassment and violation of civil rights, and they will vigorously and diligently litigate this class action.

35.    **Predominance and Superiority:** There is no plain, speedy, or adequate remedy other than maintaining this class action. A class action is superior to other available means, if any, for the fair and efficient adjudication of this controversy. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendant. Treatment as a class action will achieve substantial economies of time, effort, and expense and provide comprehensive and uniform supervision by a single court. This class action presents no material

-9-

difficulties in management.

36.     Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the proposed Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which may produce incompatible standards of conduct for Defendants. 34. Class action certification is warranted under Fed. R. Civ P. 23(b)(1)(B) because the prosecution of separate actions by individual members of the proposed Class would create a risk of adjudications with respect to individual Class members, which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

37.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as DEFENDANTS, and each of them have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive, declaratory, or equitable relief appropriate with respect to the Class as a whole. 36. Class action certification is also warranted under Fed. R. Civ P. 23(b)(3) because questions of law or fact common to the class members predominate over any questions affecting only individual members, and a Class action is superior to other available remedies for the fair and efficient adjudication of this controversy. The amount of damages available to the individual Plaintiffs are insufficient to make litigation addressing DEFENDANTS, and each

-10-

of their conduct economically feasible for most in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system presented by the case's legal and factual issues. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

38.    Class action certification is also warranted under Fed. R. Civ P. 23(c)(4) because questions of law or fact common to the Class members may be certified and decided by this Court on a class-wide basis.

## FIRST CAUSE OF ACTION

### VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)

### (Against all Defendants)

39.    Plaintiff hereby incorporates by reference the allegation in the above paragraphs of this Complaint as though fully set forth herein.

40.    Bernice Conley and the putative class of approximately 33,000 CBP employees claim that BIDEN, GARLAND, DOJ, DHS and CBP violated their civil rights.

41.    DEFENDANTS intentionally, willfully, or recklessly issued and enforced a mandate that deprived Bernice and all other class members of their federal civil rights.

42.    DEFENDANTS were acting or purporting to act in the performance of their official duties as Executive administrators of the United States of America.

43.    DEFENDANTS' conduct violated Bernice's and all other class members' right to life, liberty, property, equal protection, due process, and privacy rights.

44.    DEFENDANTS' violation of these rights was a substantial factor in causing Bernice and all other class members' harm mentioned herein.

## SECOND CAUSE OF ACTION

## RELIGIOUS CREED DISCRIMINATION IN VIOLATION OF FEHA

### (Against all Defendants)

45.    Plaintiff hereby incorporates by reference the allegation sin the above paragraphs of this Complaint as though fully set forth herein.

46.    Bernice Conley and all other class members claim that BIDEN, GARLAND, DOJ, DHS and CBP wrongfully discriminated against them by failing to reasonably accommodate their religious beliefs.

47.    DEFENDANTS were an employer of Bernice and all other class members for a federal job within the Department of Homeland Security.

48.    Bernice and/or all other member of the class have a sincerely held religious belief that forbade them from injecting themselves with foreign substances.

49.    PLAINTIFFS' religious beliefs conflicted with the sudden job

-12-

requirement of injecting themselves with a novel vaccine.

50.     DEFENDANTS knew of the conflict between PLAINTIFFS' religious beliefs and the sudden job requirement of injecting employees with foreign novel vaccines.

51.     DEFENDANTS' did not explore available reasonable alternatives of accommodating PLAINTIFFS, including excusing them from duties that conflict with PLAINTIFFS' religious beliefs or permitting those duties to be performed at another time or by another person, or otherwise reasonably accommodate PLAINTIFFS' religious belief, and when they did, they did not honor such accommodations. Instead DEFENDANTS terminated, threatened to terminate or refuse to hire in order to avoid having to accommodate PLAINTIFFS' religious beliefs.

52.     PLAINTIFFS' failure to comply with the conflicting job requirement was a substantial motivating reason for DEFENDANTS' decision to terminate employment, threaten to terminate employment, or subject PLAINTIFFS' to adverse employment actions by harassing PLAINTIFFS' to vaccinate and show proof of such, or to constructively discharge PLAINTIFFS.

53.     Plaintiffs were harmed by this discrimination.

54.     DEFENDANTS' failure to reasonably accommodate PLAINTIFFS' religious beliefs was a substantial factor in causing their harm.

///

**CLASS ACTION COMPLAINT**

# THIRD CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

### (Against all Defendants)

55.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this complaint as though fully set forth herein.

56.    PLAINTIFFS claim that DEFENDANTS wrongfully discriminated against them based on their history of medical conditions that prohibited or made it unsafe for them to take the novel corona virus vaccine.

57.    DEFENDANTS were an employer of Bernice and all other class members for a federal job within the Department of Homeland Security.

58.    DEFENDANTS knew that PLAINTIFFS had a physical condition that limited their ability to take the novel corona virus vaccine.

59.    PLAINTIFFS were able to perform the essential job duties of each of their current positions for which they applied for either with or without reasonable accommodation for their conditions. All they asked was to not get injected in their persons with a foreign substance.

60.    DEFENDANTS in response discharged, threatened to discharge, refused to hire, subjected PLAINTIFFS to adverse employment actions, or constructively discharged PLAINTIFFS.

61.    PLAINTIFFS' history of medical conditions which prohibited them from receiving the novel corona virus vaccine was a substantial motivating reason

-14-

for DEFENDANTS' decision to discharge, threaten to discharge, refuse to hire, or take adverse actions against PLAINTIFFS.

62.    PLAINTIFFS were harmed and DEFENDANTS' conduct was a substantial factor in causing their harm.

## FOURTH CAUSE OF ACTION

### HARASSMENT IN VIOLATION OF FEHA

#### (Against all Defendants)

63.    Plaintiff hereby incorporates by reference the allegation sin the above paragraphs of this Complaint as though fully set forth herein.

64.    PLAINTIFFS claim that they were subjected to harassment based on their disability and religious beliefs and this harassment created a work environment that was hostile, intimidating, offensive, oppressive, or abusive.

65.    PLAINTIFFS were an employee/applicant/ for a position within DHS providing services under a contract.

66.    PLAINTIFF was subjected to harassing conduct because they were exercising their religious beliefs and or were disabled.

67.    The harassing conduct was severe or pervasive.

68.    A reasonable person in PLAINTIFFS' circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

69.    PLAINTIFFS considered the work environment to be hostile,

-15-

intimidating, offensive, oppressive, or abusive.

70.    DEFENDANTS through their supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

71.    PLAINTIFFS were harmed and the DEFENDANTS' conduct was a substantial factor in causing their harm.

## FIFTH CAUSE OF ACTION

### BREACH OF CONTRACT

### (Against all Defendants)

72.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

73.    PLAINTIFFS and DEFENDANTS entered into an employment contract.

74.    PLAINTIFFS did all, or substantially all, of the significant things that the contract required them to do.

75.    PLAINTIFFS were excused from to inject themselves with a novel corona virus vaccine because of their medical and religious exceptions.

76.    DEFENDANTS required something that was not mentioned in the contract and failure to do so resulted in DEFENDANTS firing or threaten to fire PLAINTIFFS.

77.    PLAINTIFFS were harmed and DEFENDANTS' breach of contract

-16-

was a substantial factor in causing PLAINTIFFS' harm.

## SIXTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against all Defendants)

78.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

79.    PLAINTIFFS and DEFENDANTS entered into a contract.

80.    PLAINTIFFS did all, or substantially of the significant things that the contract required them to do or they were excused from certain duties.

81.    All conditions required for DEFENDANTS' performance had occurred or were excused.

82.    DEFENDANTS terminated or threatened to terminated or laid off PLAINTIFFS for not receiving the novel COVID 19 vaccine which was not listed as a duty in the contract terms or were excused from such requirement because of medical or religious reasons.

83.    Doing so, DEFENDANTS did not act fairly and in good faith and PLAINTIFF was harmed by DEFENDANTS' conduct.

///

///

///

-17-

## SEVENTH CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

#### (Against all Defendants)

84.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

85.    PLAINTIFFS claim that DEFENDANTS made a false representation that harmed them.

86.    DEFENDANTS represented to PLAINTIFFS that a fact was true.

87.    DEFENDANTS representation was false.

88.    DEFENDANTS knew that the representation was false when they made it, or that they made the representation recklessly and without regard for its truth.

89.    DEFENDANTS intended that PLAINTIFFS rely on the representation.

90.    PLAINTIFFS reasonably relied on DEFENDANTS representation.

91.    PLAINTIFFS were harmed and PLAINTIFFS' reliance on DEFENDANTS' representation was a substantial factor in causing their harm.

## EIGHT CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

#### (Against all Defendants)

92.    Plaintiff hereby incorporates by reference the allegation in the above paragraphs of this Complaint as though fully set forth herein.

-18-

93.   PLAINTIFFS claim they were harmed because DEFENDANTS negligently misrepresented a fact.

94.   DEFENDANTS represented to PLAINTIFFS that a fact was true.

95.   Although DEFENDANTS may have honestly believed that the representation was true, DEFENDANTS had no reasonable grounds for believing the representation was true when they made it.

96.   DEFENDANTS intended that PLAINTIFFS rely on this representation.

97.   PLAINTIFFS reasonably relied on DEFENDANTS' representation.

98.   PLAINTIFFS were harmed and their reliance on DEFENDANTS' representation was a substantial factor in causing their harm.

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

99.   Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

100.  PLAINTIFFS claim that DEFENDANTS' conduct caused them to suffer severe emotions distress.

101.  DEFENDANTS' conduct was outrageous.

102.  DEFENDANTS' intended to cause PLAINTIFFS emotional distress, or DEFENDANTS acted with reckless disregard of the probability that

-19-

PLAINTIFFS would suffer emotional distress, knowing that PLAINTIFFS were present when the conduct occurred.

103.   PLAINTIFFS suffered severe emotional distress; and DEFENDANTS' conduct was a substantial factor in causing PLAINTIFFS' severe emotional distress.

## TENTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants)

104.   Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

105.   PLAINTIFFS claim that DEFENDANTS' conduct caused them to suffer serious emotional distress.

106.   DEFENDANTS WERE NEGLIGENT

107.   PLAINTIFFS suffered serious emotional distress; and

108.   DEFENDANTS' negligence was a substantial factor in causing PLAINTIFFS' serious emotional distress.

## ELEVENTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY OF LOYALTY AND REASONABLE CARE

### (Against all Defendants)

109.   Plaintiffs hereby incorporate by reference the allegations in the above

-20-

paragraphs of this Complaint as though fully set forth herein.

110.   PLAINTIFFS claim that they were harmed by DEFENDANTS' breach of the fiduciary duty of loyalty and fiduciary duty to use reasonable care. A government agency owes their federal employees undivided loyalty and reasonable care.

111.   DEFENDANTS were PLAINTIFFS' federal government employers.

112.   DEFENDANTS knowingly acted against PLAINTIFFS' interests in connection with the COVID 19 vaccine mandates thus breaking their loyalty.

113.   DEFENDANTS failed to act as a reasonably careful federal government employer would have acted under the same or similar circumstances.

114.   PLAINTIFFS did not give informed consent to DEFENDANTS conduct. In fact they declined to take the vaccine but were willfully ignored.

115.   PLAINTIFFS were harmed and DEFENDANTS' conduct was a substantial factor in causing PLAINTIFFS' harm.

## **PRAYER FOR RELIEF**

1.    For general damages according to proof;

2.    For benefits due under the Policy;

3.    For prejudgment interest on lost benefits;

4.    For such equitable relief as the Court deems just and proper;

5.    For attorney's fees and costs of suit incurred pursuant to any applicable provision of law;

-21-

6.    For interest at the legal rate from the date of injury or pursuant to Code of Civil Procedure § 3287; and

7.    For such other and further relief as the Court deems just and proper, to include equitable remedies of 1) Temporary Restraining Order, 2) Preliminary Injunction, and 3) Permanent Injunction.


Dated:  October 27, 2022       LAW OFFICES GARY R. CARLIN, APC


By _____
Gary R. Carlin, Attorney for Plaintiff
Bernice Conley


## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated:  October 27, 2022       LAW OFFICES OF GARY R. CARLIN, APC


By _____
Gary R. Carlin, Attorney for Plaintiff
Bernice Conley